**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:09-CR-107(3) |
| | § | |
| BRIAN HOLMES | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Brian Holmes's ("Holmes") *pro se* Motion for Early Termination of Supervised Release (#747) and Memorandum in Support (#748), wherein Holmes seeks early termination of his five-year terms of supervised release. Holmes's United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Louisiana expressed that she did not oppose early termination. The Eastern District of Texas Probation Office, however, opposes his request for early termination and recommends that supervision continue as ordered. The United States Attorney's Office advised Probation that it is also opposed to early termination of Holmes's supervised release. Having considered the motion, the viewpoints of Probation, the Government's position, the record, and the applicable law, the court is of the opinion that Holmes's motion should be denied.

I. Background

On January 20, 2010, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a 22-count Second Superseding Indictment against Holmes and 13 co-defendants, charging Holmes in Count 1 with Conspiracy with Intent to Distribute 1,000 or More Kilograms of Marijuana in violation of 18 U.S.C. § 846, in Counts 18 and 20 with Interstate Travel in Aid of a Racketeering Activity in violation of 18 U.S.C. § 1952, and in Count 19 with

Possession with Intent to Distribute 100 Kilograms or More of Marijuana in violation of 18 U.S.C. § 841(a)(2). Holmes proceeded to a six-day trial by jury.

On February 9, 2011, after being convicted at trial on Counts 1, 18, 19, and 20, Holmes was sentenced to a term of 210 months' imprisonment as to Counts 1 and 19 and 60 months' imprisonment as to Counts 18 and 20, followed by four concurrent terms of supervised release.[1] Holmes was also ordered to pay a $400.00 assessment. In addition, Holmes was ordered to forfeit his interest in a 1997 Freightliner Tractor and a 1997 Trail Mobile Trailer along with a sum of money equal to $1,572,500.00 in United States currency.

On February 18, 2011, Holmes filed a Notice of Appeal (#501). On April 30, 2012, the United States Court of Appeals for the Fifth Circuit affirmed Holmes's conviction and sentence. *See United States v. Holmes*, 478 F. App'x 92 (5th Cir. 2012). The Supreme Court of the United States denied his petition for a writ of certiorari on October 9, 2012. Holmes filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 3, 2013, which the district court denied on July 20, 2017. Holmes did not appeal the court's order. On July 13, 2015, the court granted Holmes's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), reducing Holmes's sentences to 168 months' imprisonment.

On April 20, 2020, the Bureau of Prisons released Holmes to serve the remainder of his term of imprisonment on home confinement. On August 11, 2022, Holmes completed his term of imprisonment and began serving his terms of supervised release in the Eastern District of

[1] Holmes received two three-year terms of supervised release for counts 18 and 20, which expired on August 10, 2025, and two terms five-year terms of supervised release for counts 1 and 19, which expire in 2027.

Louisiana, New Orleans Division. On December 16, 2024, Holmes filed a prior *pro se* Motion for Early Termination of Supervised Release (#744), which the court denied (#745). His five-year terms of supervised release are scheduled to expire on August 10, 2027.

II. Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering certain of the factors set forth in Section 3553(a),[2] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018). In addition, the United States Sentencing Guidelines list supplemental factors that the court may wish to consider when determining whether to terminate the remaining term of supervised release.[3] "Early

[2] These factors include: the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a), 3583(e).

[3] Specifically, the Guidelines list: (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges); (iii) the defendant's substantial compliance with all conditions of supervision; (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision; (v) a demonstrated reduction in risk level or maintenance of the

termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In fact, in *United States v. Bowe*, the United States Court of Appeals for the Fourth Circuit stated that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." 309 F.3d 234, 240 (4th Cir. 2002) (citing *Johnson*, 529 U.S. at 53).

Although Holmes's Probation Officer in the Eastern District of Louisiana has indicated that she does not oppose early termination, this fact, standing alone, is insufficient to justify granting Holmes's request for early termination. *See, e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and

lowest category of risk over the period of supervision; and (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant. U.S.S.G. § 5D1.4, Application Note B.

Probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228-B(01), 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)."); *United States v. Bondy*, No. 19-232, 2026 WL 1282742, at *2 (E.D. La. May 11, 2026) ("[F]ull compliance . . . is merely what is expected of all people serving terms of supervised release." (quoting *Karacsonyi v. United States*, No. 97-1220, 1998 WL 401273, at *1 (2d Cir. June 10, 1998))); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his

release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing 18 U.S.C. § 3583(e)(1)) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of a supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

Here, Holmes presents no new or exceptional circumstances or needs that would merit early release from supervision. Rather, Holmes simply contends that he has fully complied with the conditions of his supervised release. At the outset of his motion, Holmes states that he is not

a career drug offender, has not committed a sex offense, and has not engaged in terrorism, making him eligible for early termination. Further, he avers that he presents no harm to the public as he was safe to be released to home confinement, he has incurred no violations since his release to home confinement, and he has the "ability to lawfully self-manage beyond the period of supervision." He points to his continued employment as evidence of his self-management. Holmes also notes that he currently acts as a caregiver for his ailing mother and is active in the lives of his grandchildren. Probation confirms that Holmes has complied with the terms of his supervised release to date, specifically that Holmes has maintained employment, completed substance abuse treatment, and paid his $400.00 special assessment. While Holmes's progress is commendable, these are basic expectations for all defendants on supervised release and do not constitute extraordinary circumstances warranting early termination.

Notably, Holmes does not contend that the conditions of his supervised release limit his employment opportunities, interfere with his family responsibilities, or otherwise impact his daily life in a significant manner. He does not clarify how being on supervised release keeps him from furthering his career, achieving additional goals, caring for his mother or otherwise assisting his family, or engaging in sports, religious, or volunteer activities. According to Probation, Holmes is currently being supervised as a low risk releasee, which entails only minimal reporting requirements. Under the circumstances, the court finds the current conditions of Holmes's supervised release are not onerous and remain appropriate.

Holmes's offense of conviction involved his participation in a large-scale, multi-state drug trafficking conspiracy with the intent to distribute over 1,000 kilograms of marijuana and engaging in interstate travel in aid of racketeering activity. He is responsible for distributing at least 3,000

kilograms of marijuana. Holmes supplied a vehicle and a driver to transport marijuana from Texas to Georgia. Further, Holmes's Presentence Investigation Report ("PSR") discloses that he has a long history of poly-substance abuse, beginning at 14 years old, including the use of alcohol, marijuana, cocaine, and PCP.

While Holmes's achievements to date should be commended, continuing him on supervision will provide him with the best opportunity for a successful reentry in view of his prior involvement in crime involving drug distribution and his history of poly-substance abuse. Requiring Holmes to complete his entire five-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing only a limited burden on Holmes. Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Holmes does not identify any such circumstances in his motion and is instead seeking early termination of his supervision simply for complying with the conditions imposed by the court.

Thus, although Holmes appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4. "Supervised release is meant as a safety net to support reentry into the community." *Bondy*, 2026 WL 1282742, at *3. In this instance, there is no reason to terminate this safety net prematurely as to Holmes. The Probation Office for the Eastern District of Texas further points out that it "does not typically recommend early termination of supervised release for multi-count conspiracy cases involving large-scale drug distribution throughout the United

States and Mexico," which appears to be the proper course in this situation. "Allowing U.S. Probation to continue to monitor and guide [Holmes] is advantageous as it is able to offer resources, guidance and accountability to [Holmes] to ensure he successfully continues h[is] rehabilitation journey." *United States v. Clausell*, No. 1:20cr0091-LG-RPM-1, 2026 WL 1008154, at *2 (S.D. Miss. April 14, 2026).

III. Conclusion

In accordance with the forgoing analysis, Holmes's Motion for Early Termination of Supervised Release (#747) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of October, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE